587 S.E.2d 101

**In the Matter of M.M. WEINBERG, III, Respondent.**

No. 25728.

Supreme Court of South Carolina.

Submitted Aug. 29, 2003.

Decided Sept. 29, 2003.

---

4. Petitioner took no direct appeal.

Susan M. Johnston and C. Tex Davis, Jr., both of Columbia, for the Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a sanction ranging from a one year suspension from the practice of law to an indefinite suspension from the practice of law. After considering information submitted by respondent in mitigation, we accept the agreement

and impose an indefinite suspension. The facts, as set forth in the agreement, are as follows.

## *Facts*

### I. *Matter A*

Respondent was retained to defend clients in a civil action and to file a counterclaim on the clients' behalf. The clients paid respondent a $2,000 retainer fee. It was further agreed that respondent would receive a fee of twenty-five percent of any recovery on the counterclaim minus the $2,000 retainer fee. However, respondent failed to prepare and have executed a written fee agreement.

For almost two years, respondent conducted discovery in the case. When opposing counsel filed a motion for summary judgment, respondent requested the counterclaim be dismissed pursuant to Rule 40(j), SCRCP. A consent order dismissing the lawsuit was executed by respondent, without the knowledge or consent of the clients, and filed in Horry County. Over the next two years and nine months, respondent initiated and continued a pattern of intentional misrepresentations to the clients concerning the progress of the case. During that time, respondent performed little or no work on the case and the case was never restored to the docket.

However, respondent informed the clients that the court had awarded them a judgment of $135,000. Respondent informed the clients that they would receive $102,000 of the judgment. When the clients asked respondent for a copy of the order, respondent maintained the court had issued a verbal order and he therefore could not produce any documentation to support the existence of the order. Thereafter, respondent continued to make numerous misleading statements and produce fabricated documents consistent with the misleading statements to deceive the clients regarding respondent's efforts to secure the non-existent judgment.

At one point, respondent presented the clients with a check for $25,000 drawn on respondent's operating account.[1] Respondent informed the clients that the money was a partial

---

1. Respondent represents he used personal funds, not other client funds or law firm funds, to pay the client.

payment of the judgment. Over the next several months, respondent made numerous false promises and statements to the clients regarding respondent's efforts to obtain the balance of the non-existent judgment. On two separate occasions, respondent informed the clients that he had received the remaining balance of the judgment and would be depositing the money into the clients' account; however, no such deposit was ever made. Respondent did pay the clients $8,000, once again out of personal funds, under the guise of an additional partial payment of the judgment. Respondent assured the clients he would have the remaining balance within thirty days. Approximately one month later, respondent presented the clients with a check for $5,000 drawn on respondent's operating account, into which respondent had purportedly placed personal funds to continue to cover up the scheme to deceive the clients. Shortly thereafter, respondent informed the clients that he still did not have the balance of the funds but offered to pay the clients the balance owed by selling stock and property, which he would recover through a subsequent lawsuit. The clients informed respondent that they did not want his money but instead wanted the money from the judgment respondent claimed had been awarded to the clients.

## II. *Matter B*

Respondent was retained by a client to represent her as to any claims she had as a result of her husband's death in a car accident. Respondent led the client to believe he had hired an expert witness to examine her husband's car and that the fictitious expert had issued a report stating the accident was due to the car having faulty brakes. Respondent waited until the day before the statute of limitations expired to file the case. Respondent misrepresented to the client the value of her case and failed to provide her with candid advice regarding the merits of the case. As a result, the client had unrealistic expectations of a large settlement or judgment.

Just over a year after the case was filed, respondent, without the client's knowledge or consent, consented to the case being dismissed pursuant to Rule 40(j), SCRCP. Respondent failed to inform the client of his actions after the consent order was signed. After respondent informed the client that he could no longer handle her case due to his

impending withdrawal from the practice of law, the client took her file to another attorney for review. That attorney would not accept the case due to a lack of evidence to substantiate the claim. When the client asked respondent why her file did not contain the expert's report, respondent informed the client that the report should have been in the case file.

## III. *Matter C*

Respondent was retained to assist a client in obtaining title to a mobile home and resolving an unrelated contract dispute. However, respondent failed to maintain adequate communication with the client regarding the status of his cases and failed to pursue the client's cases in a diligent manner, requiring the client to seek other legal counsel.

## IV. *Matter D*

Respondent was retained to handle a workers' compensation claim for a client. After receiving an initial judgment, respondent filed an appeal. However, respondent failed to perform the necessary research to determine the impact the appeal would have on the statute of limitations. As a result, the statute of limitations which applied to the case expired.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2(a) (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.2(c) (a lawyer may limit the objectives of the representation if the client consents after consultation); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.5(c) (a contingent fee agreement shall be in writing and shall state the method by which

the fee is to be determined and upon conclusion of the matter the lawyer shall provide the client with a written statement stating the outcome of the matter, the remittance to the client, if there is a recovery, and the method of its determination); Rule 2.1 (in representing a client, a lawyer shall exercise independent professional judgment and render candid advice); Rule 3.1 (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

### *Conclusion*

Ordinarily, the misconduct set forth in this opinion would warrant disbarment. However, respondent has presented medical evidence that these violations occurred while he was suffering from a psychological illness which manifested itself in an intense need to please others even to the detriment of respondent's own personal health and well being. Taking into account respondent's diagnosis and the fact that he is currently undergoing treatment for his condition, we accept the Agreement for Discipline by Consent and impose an indefinite suspension. *In re Glover*, 333 S.C. 423, 510 S.E.2d 419 (1998) ("In the past, we have allowed evidence of depression to mitigate misconduct."). Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of

Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

MOORE, J., not participating.